540                   July 15, 2026                   No. 672

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

STEPHEN GARY LOUIS GROHS, JR.,
*Defendant-Appellant.*

Washington County Circuit Court
23CR05483; A185707

Oscar Garcia, Judge.

Submitted June 16, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stephanie J. Hortsch, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Julia A. Taylor, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Kistler, Senior Judge.

TOOKEY, P. J.

Remanded for resentencing; otherwise affirmed.

TOOKEY, P. J.

Defendant appeals a judgment of conviction on two counts of menacing, ORS 163.190, and two counts of unlawful use of a weapon (UUW), ORS 166.220, entered after a jury trial. In his first through fourth assignments of error, defendant contends that the trial court erred in denying his motions for judgment of acquittal on all four counts. In his fifth and sixth assignments, he argues that the trial court plainly erred in imposing three-year post-prison supervision (PPS) terms on the UUW convictions. In his seventh and eighth assignments, defendant asserts that the court erred in ordering him to "pay any required per diem fees" on the menacing convictions because the court did not orally pronounce that order in his presence in court. The state concedes that the trial court erred in imposing three-year PPS terms on the UUW convictions and ordering defendant to "pay any required per diem fees." As explained below, we reject defendant's first through fourth assignments and accept the state's concessions on the remaining assignments. Accordingly, we remand for resentencing and otherwise affirm.

*Motions for Judgment of Acquittal.* We review the denial of a motion for a judgment of acquittal to determine "whether, viewing the evidence in the light most favorable to the state, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Severson*, 325 Or App 550, 551, 529 P3d 302, *rev den*, 371 Or 332 (2023) (internal quotation marks omitted). "We give the state the benefit of reasonable inferences which need not inevitably follow from the established facts; rather, if the established facts support multiple reasonable inferences, the jury may decide which inference to draw." *Id.* (internal quotation marks omitted).

"A person commits the crime of menacing if by word or conduct the person intentionally attempts to place another person in fear of imminent serious physical injury." ORS 163.190(1). And, as relevant here, "[a] person commits the crime of unlawful use of a weapon if the person *** [a]ttempts to use unlawfully against another, or carries or possesses with intent to use unlawfully against another, any

dangerous or deadly weapon as defined in ORS 161.015."[1] ORS 166.220(1)(a). "Use," in the context of ORS 166.220, includes both "employment of a weapon to inflict harm or injury and employment of a weapon to threaten immediate harm or injury." *State v. Ziska/Garza*, 355 Or 799, 811, 334 P3d 964 (2014).

Here, there is evidence that, late one night, defendant was in or near a parking lot to recover his phone from someone who had stolen it and who had demanded money for its return. Defendant approached a car in which a couple was sitting in the parking lot, holding a compound bow in a "ready" position in front of him, with his right hand on the string and an arrow nocked.[2] In an aggressive tone of voice, defendant told the couple to "[g]et out of the car." Defendant contends that that evidence is legally insufficient to prove that he used the compound bow (which he does not dispute constituted a "dangerous weapon" or a "deadly weapon") to threaten the couple with immediate harm (unlawful use of a weapon) or that he intended to place the couple in fear of imminent serious physical injury (menacing). That is so, in defendant's view, because defendant did not point the compound bow at the couple or gesture at or verbally threaten them with it, and because he explained to the couple that he was trying to retrieve his stolen phone.

We disagree and conclude that a rational trier of fact could find from the evidence and reasonable inferences drawn therefrom that, through his conduct and statement, defendant intended to threaten—or place the couple in fear of—imminent serious physical injury. *See State v. Jackson*, 340 Or App 712, 715, 571 P3d 1155 (2025) (concluding that the defendant "wav[ing] a gun threateningly in the context of an escalating road rage incident" was legally sufficient to prove the defendant's intent to threaten imminent serious

---

[1] A "dangerous weapon" is "any weapon, device, instrument, material or substance which under the circumstances in which it is used, attempt to be used or threatened to be used, is readily capable of causing death or serious physical injury." ORS 161.015(1). A "deadly weapon" is "any instrument, article or substance specifically designed for and presently capable of causing death or serious physical injury." ORS 161.015(2).

[2] As indicated in the record, a compound bow uses a "pulley system" to increase the force with which an arrow is propelled from the bow, and an arrow is "nocked" when the bowstring is locked onto the back end of the arrow.

physical injury, notwithstanding that the defendant did not point the gun directly at the victim). We therefore reject defendant's first through fourth assignments of error.

*PPS Terms.* The trial court imposed a three-year PPS term on defendant's UUW convictions. Defendant contends in his fifth and sixth assignments that the trial court plainly erred in doing so, and the state concedes those errors. UUW is classified as crime category 6 on the Crime Seriousness Scale, OAR 213-017-0006(62), and the duration of PPS for convictions in crime category 6 is two years, OAR 213-005-0002(2)(a). We therefore agree with and accept the state's concession. We exercise our discretion to correct the error and remand for resentencing on defendant's UUW convictions, given the gravity of the harm to defendant in being subjected to an additional year of PPS beyond the maximum allowed and the minimal burden of resentencing, particularly given that, as set out in the following section, remand for resentencing is necessary on defendant's seventh and eighth assignments of error. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991) ("[I]n deciding whether to exercise its discretion to consider an error of law apparent on the face of the record, among the factors that a court may consider are: the competing interests of the parties; the nature of the case; the gravity of the error; [and] the ends of justice in the particular case * * *."); *see also State v. Dillon*, 306 Or App 558, 559, 473 P3d 146 (2020) (exercising discretion to correct the trial court's plain error in imposing a PPS term that exceeded the duration of PPS allowed under the sentencing guidelines).

*Per Diem Fees.* The judgment provides that, on defendant's menacing convictions, "[d]efendant shall pay any required per diem fees," but that requirement to pay per diem fees was not announced in open court at sentencing. Defendant argues in his seventh and eighth assignments that the court erred in including the order to pay per diem fees in the judgment, and the state concedes the error. "A criminal defendant has the right to have their sentence announced in open court. A trial court commits reversible error if it does not do so, and the result is usually a resentencing." *State v. Priester*, 325 Or App 574, 581, 530 P3d 118, *rev den*, 371 Or

332 (2023) (internal citations omitted). We therefore agree
with and accept the state's concession and remand for resen-
tencing on defendant's menacing convictions.

Remanded for resentencing; otherwise affirmed.